

**FILED**
September 27, 2024 04:23 PM
SX-2015-CV-00175
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LUZ C. BROWNE,<br><br>                             Appellant,<br><br>v.<br><br>PUBLIC EMPLOYEES RELATIONS BOARD, VIRGIN ISLANDS LOTTERY COMMISSION; and GOVERNMENT OF THE VIRGIN ISLANDS,<br><br>                             Appellees. | CIVIL NO. SX-2015-CV-00175<br><br>ON APPEAL:<br>PERB-GSA-15-37X<br><br>**2024 VI SUPER 37U** |

## MEMORANDUM OPINION

¶ 1. THIS MATTER is before the Court on Appellant Luz C. Browne's Amended Petition for Writ of Judicial Review ("Notice of Appeal"), filed May 14, 2015;[1] Order entered February 26, 2024, setting schedule; Appellant's Brief in Support of Her Appeal ("Brief"), filed April 29, 2024; and Appellee Public Employees Relations Board's ("PERB" or "the Board") Brief in Opposition ("Opposition"), filed June 3, 2024, which Appellees Virgin Islands Lottery Commission ("VIL") and Government of the Virgin Islands ("GVI") join. Appellant's Notice of Appeal and Brief appeal the April 20, 2015 Decision and Order of PERB ("Decision") in PERB-GSA-15-37X, following the PERB hearing that began March 19, 2015 and concluded April 9, 2015. The Decision found that Browne was not a "regular employee" under 3 V.I.C. § 530 and therefore had no right to appeal to PERB her termination from her employment at VIL. Accordingly, the Board determined that it lacked jurisdiction and dismissed the appeal. For the reasons set forth below, the Decision will be affirmed.

¶ 2. "Any party aggrieved by any final order of the PERB issued under section 530 or 531 of this chapter [title 3, chapter 25 of the Virgin Islands Code], may appeal to the Superior Court of the Virgin Islands..." wherein the "rules of procedure of the Superior Court regarding a writ of Review shall govern the appeal proceeding." 3 V.I.C. § 530a(a).

---

[1] Per 3 V.I.C. § 530a(a), Appellant may appeal a final order of the PERB under 3 V.I.C. §§ 530 or 531 to the Superior Court as a matter of right. Accordingly, the Amended Petition is deemed a Notice of Appeal.

## BACKGROUND

¶ 3.    Appellant "had received information that VIL was looking for someone strong in sales and marketing. She submitted her information to former Executive Director Paul Fleming, and she was subsequently hired for the position of Marketing Coordinator." Decision, at 3. Appellant's employment with VIL began October 1, 2003, and her Notification of Personnel Action ("NOPA") listed her as an exempt employee. *Id.*

¶ 4.    Appellant was promoted to the position of Marketing Manager at VIL and on March 2, 2007, signed the Voluntary Acceptance of Exempt (Unclassified) Position, electing to be placed in the exempt services of GVI. *Id.* at 3-4. Browne received another promotion to "Senior Marketing Specialist, pay plan exempt," effective March 21, 2011. *Id.* at 4.

¶ 5.    Sometime in 2014, Browne requested to be reclassified from exempt services, where she had served since her date of hire, to the classified services. *Id.* at 4-5. VIL agreed to request a reclassification review by the Division of Personnel ("DOP"). In that regard, Browne completed a Position Description Questionnaire and VIL conducted and forwarded a Desk Audit to DOP with its recommendation that Browne be reclassified from exempt to classified status. *Id.* at 5. After the DOP Director advised that VIL is not under the central Government's Personnel System, and that the reclassification can be done internally within VIL, the VIL Commission Chairman signed off on Browne's reclassification NOPA on November 20, 2014, changing her position classification from exempt to classified. *Id.*

¶ 6.    On February 13, 2015, by hand-delivered letter, VIL's Executive Director Designee terminated Browne's employment as Senior Marketing Specialist effective at 5:00 p.m. that day. *Id.* Appellant timely filed an appeal of her termination with PERB on February 23, 2015. *Id.* Following hearings before PERB, Browne's appeal was dismissed with prejudice by PERB on April 20, 2015, on the basis that PERB lacked jurisdiction. *Id.* at 13.

## STANDARD OF REVIEW

¶ 7.    In an appeal to the Superior Court from a PERB decision regarding an employee's termination rendered under 3 V.I.C. § 530, "all questions of fact determined by the PERB shall be conclusive, if supported by substantial evidence in the record considered as a whole." 3 V.I.C. §

530a(b). Substantial evidence is "evidence that a reasonable mind would accept as adequate to support an agency's conclusion." *Williams-Jackson v. Pub. Emp. Rel. Bd.*, 52 V.I. 445, 450 (V.I. 2009) (citation omitted). PERB's "legal findings are afforded plenary review." *Willocks-Gonzalez v. Pub. Emp. Rel. Bd.*, 71 V.I. 137, 143, 2019 VI SUPER 108 ¶ 10 (V.I. Super. Ct. 2019) (citing *Clark v. V.I. Housing Authority*, 2017 V.I. LEXIS 81, at *2 (V.I. Super. Ct. May 26, 2017)) (unpublished).

## DISCUSSION

¶ 8.      Regular, career service employees may appeal the termination of their employment to PERB. 3 V.I.C. § 530(a)(1).[2] Those regular GVI employees "are a category of public employees that have a statutorily created property interest in continued employment, protected by due process." *Fleming v. Cruz*, 62 V.I. 702, 715 (V.I. 2015) (citing 3 V.I.C. § 530; *Iles v. de Jongh*, 638 F.3d 169, 174 (3d Cir. 2011)).[3] That is, "not all career service employees have due process protection, or may be fired only for cause, but rather, only those who also meet the definition of 'regular' employee." *Willocks-Gonzalez*, 71 V.I. at 144; 2019 VI SUPER 108 ¶ 14 (citations and internal quotations omitted).

¶ 9.      To be categorized as "regular," a career service employee must have been appointed to a position within the career service in accordance with title 3, chapter 25 of the Virgin Islands Code after completing a working test period. 3 V.I.C. § 451. Title 3, chapter 25, entitled Personnel Merit System, Compensation, Expenses and Miscellaneous Benefits, includes subchapter IV (§§ 521-535), entitled Tests, Appointments, Promotions, and Dismissals. Section 521 requires that "except as otherwise specified in this chapter, all appointments and promotions to positions in the classified

---

[2] "The terms 'career service' and 'exempt service' are intended to be synonymous with the terms 'classified service' and 'unclassified service,' respectively, as heretofore used in this Code." 3 V.I.C. § 451a(d).

[3] "Notwithstanding any other provision of law, in any case after January 1, 1977, before a head officer of an executive department, agency or instrumentality of the Government dismisses, demotes or suspends a *regular employee* of a department, agency or instrumentality of the Government, the head officer shall furnish the employee with a written statement of the charges against the employee. The employee shall have ten days following the date of receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board. The appeal must be in writing, and the Board must provide a copy to the head officer and the Attorney General." 3 V.I.C. § 530(a)(1) (emphasis added).

service shall be made on the basis of merit and fitness, to be ascertained by competitive examinations."

¶ 10.    A vacant classified service position is filled through a competitive process wherein the names of no fewer than three persons eligible for such position are certified and the appointing authority, after consultation with the department head, shall appoint one of those certified eligibles. 3 V.I.C. § 526(a). Every person appointed to a position in the classified service "shall serve a probational period or working test before being given a status as a regular employee." 3 V.I.C. § 527.

¶ 11.    Browne does not assert that she complied with the prerequisites for regular employee status as outlined in chapter 25. Rather, she argues that the "new" 2010 amendment to the definition of "regular employee," in 3 V.I.C. § 530(a)(2)(C)[4] implicitly repealed or otherwise renders "wholly inapplicable" the pre-existing definition of "regular employee" found in 3 V.I.C. § 451.[5] "PERB erroneously concluded Petitioner was not a regular employee because it failed to correctly apply the amended and subject matter-specific definition of 'regular employee' codified in 3 V.I.C. § 530(a)(2)(C)." Brief, at 3.

¶ 12.    In *Willocks-Gonzalez*, the Superior Court considered the same argument, explaining as follows:

> Section 530 falls under title 3, chapter 25, which is entitled *Personnel Merit System, Compensation, Expenses and Miscellaneous Benefits* and contains the portion of the Code addressing those topics. It is the same chapter under which § 451 and the older definition of regular employee fall. Additionally, and more telling, § 530 falls

---

[4] 3 V.I.C. § 530(a)(2) provides:

As used in this section:

... 'Regular employee' means an employee who:

(i) has been appointed to a position in the classified or career service or served in a temporary position for more than two years in a department or agency of the executive branch or in an instrumentality, as defined in subparagraph (B) of this subsection or and [sic]

(ii) who is not on contract, is not on probation, and therefore subject to dismissal, demotion or suspension, only for cause.

[5] 3 V.I.C. § 451 "Definitions" provides:

"As used in this chapter, unless it is otherwise provided or the context requires a different construction, application, or meaning- ... 'regular employee' means an employee who has been appointed to a position in the classified service in accordance with this chapter after completing his working test period."

> under the same subchapter, entitled *Tests, Appointments, Promotions, and Dismissals*, as § 521, *Competitive examinations*. Section 521 directs that, "[e]xcept as otherwise specified in this chapter, *all appointments* and promotions to positions in the classified service *shall be made on the basis of merit and fitness, to be ascertained by competitive examinations.*" (emphasis added). A plain reading of § 530 together with § 521 — two sections of the same subchapter located in the same Personnel Merit System chapter — clearly states that a regular employee must have been *appointed* to a position in the classified service, and that *appointment* must be based on merit and fitness as ascertained by competitive examinations. There is nothing within § 530 to indicate that the Legislature intended to abrogate the competitive examination requirements for appointments to the classified service.

*Willocks-Gonzalez*, 71 V.I. at 148; 2019 VI SUPER 108 ¶ 19 (emphasis in original).

¶ 13.    In the present context, there is no irreconcilable difference between the two definitions of "regular employee" which can be readily harmonized. The Supreme Court has emphasized that "repeal by implication is generally disfavored and should occur only when 'the later statute expressly contradicts the original act' or when 'such a construction is absolutely necessary in order that the words of the later statute shall have any meaning at all.'" *McIntosh v. People*, 57 V.I. 669, 685 (V.I. 2012) (citing *V.I. Public Servs. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 486 (V.I. 2008) (quoting *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 662 (2007)); (other citations omitted).

¶ 14.    The Third Circuit explains:

> the rule of construction for analysis of the applicability of general and specific legislation on the same subject:
>> they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible.

*Creque v. Luis*, 803 F.2d 92, 94 (3d Cir. 1986) (citing 2A *Sutherland Statutory Construction* § 51.05 (4th ed. 1984)).

¶ 15.    The greater detail of the more recent definition of "regular employee" in section 530(a)(2)(C) does not "expressly contradict" the preexisting definition of the same term in section 451 and repeal by implication is not "absolutely necessary" to give meaning to the words of the subsequent definition. Section 521 requires that "except as otherwise specified in this chapter, all appointments and promotions to positions in the classified service shall be made on the basis of merit and fitness, to be ascertained by competitive examinations." Appellant cites no legislative

history or other support for the proposition that the 2010 amendment "otherwise specified," providing her with an exemption from the standard mandatory process for appointment of all GVI employees to the classified service.

¶ 16.    The hearing on Browne's appeal to PERB of her termination was held for the express and sole purpose to determine whether PERB had jurisdiction to hear the appeal. The hearing confirmed that Appellant's November 20, 2014 reclassification into the classified service was processed internally by the VIL Commission, not through DOP as mandated by chapter 25. *See* Decision, at 5, 11. DOP Director Designee Milton Potter testified regarding the DOP reclassification process, confirming that Browne's reclassification did not follow that process. *Id.* at 12. Any contention that VIL as an instrumentality of GVI is treated differently than the central government and may reclassify its employees without regard to the Government's Personnel Merit System is unavailing.

¶ 17.    The statute establishing VIL provides that it is "established as an instrumentality of the Government of the Virgin Islands … and shall be managed by a Director, subject to the supervision of the Virgin Islands Lottery Commission." 32 V.I.C. § 243. The Director:

> shall have the power, and it shall be his duty to: … Subject to the approval of the Commission and *in accordance with chapter 25 of Title 3 of this code*, employ such professional, technical and clerical assistants and employees as may be necessary to perform the duties imposed upon the Lottery by this chapter.

32 V.I.C. § 247(c) (emphasis added). By this language, Browne's reclassification could not be accomplished independent of the requirements of the Personnel Merit System.

¶ 18.    Following the hearing, PERB found that: "Based on the record as a whole, we cannot find where VIL secured the approval of the Commission, in writing or otherwise, or that Appellant's reclassification was processed in accordance with the Virgin Islands Code and the Personnel Rules and Regulations" and "determined that Appellant's reclassification was not in accordance with Chapter 25 of Title 3, which is also known as the Virgin Islands Personnel Merit System." Decision, at 12. Accordingly, PERB "concluded that Appellant was not appointed to a position within the classified or career services, and she cannot be considered as a 'regular employee' who would be entitled to PERB review under 3 V.I.C. § 530." *Id.*

¶ 19.     The Court finds that PERB's Decision is supported by "substantial evidence in the record considered as a whole." The evidence before PERB established that Appellant was not a regular employee under 3 V.I.C §§ 451 and 530. Therefore, PERB correctly determined that it was without jurisdiction to hear her appeal under 3 V.I.C. 530(a), and PERB's Decision and Order will be affirmed. An Order consistent with this Memorandum Opinion is entered herewith.

SO ORDERED this __27__ day of September, 2024.

**DOUGLAS A. BRADY, JUDGE**

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _Paula Clayton_
Court Clerk Supervisor
September 27, 2024